Hat, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff to recover from the-United States the sum of $3,678.32, which he claims was illegally and erroneously collected from him by the Commissioner of Internal Eevenue. The sole question involved in this case is what was the value of 908.43 acres of land owned by the plaintiff on March 1,1913. On that date the plaintiff was the owner of said land, and had been the owner thereof for many years before that date.
On August 12, 1918, the plaintiff sold said land to the United States at the price of $72,000. The plaintiff on March 15,1919, filed his income-tax return under the revenue act of 1918 for the calendar year 1918, and in so doing declared neither gain nor loss from the sale of the said 908.43’ acres. Thereafter on November 16, 1923, the Commissioner of Internal Eevenue claimed that the plaintiff owed an additional tax for the calendar year 1918, claiming that the additional assessment was occasioned by the placing of a valuation of $50 per acre as of March 1, 1913, on the 908.43 acres of land sold to the United States in August, 1918. Under protest the plaintiff paid the additional assessment on February 6, 1924. On April 7, 1924, the plaintiff filed his claim for the refund of the amount so paid. -The commissioner allowed a part of said claim, to wit, the sum of $961.55, and disallowed the balance of the amount above the $961.55. The part of the claim allowed was based on the cost of improvements .placed on the land since March 1, 1913, but the commissioner adhered to his decision that the land was only of the value of $50 per acre as of March 1, 1913.
The statute under which the Commissioner of Internal Eevenue acted in this case reads as follows:
“ Sec. 202. (a) That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be: (1) In the case of property acquired before March 1, 1913, *597 the fair market price or value of such property as of that date.”
We are of opinion that the reasonable value of the 908.43 acres sold by the plaintiff to the United States in August, 1918, was on March 1, 1913, $75 per acre. It follows therefore that a judgment must be awarded the plaintiff for the amount for which he sues.
The Government, however, contends that this court can not alter, modify, set aside or disregard the finding of the Commissioner of Intesnal Revenue of the value of plaintiff’s land as of March 1,1913, unless it is affirmatively shown that the commissioner in fixing the value of the land proceeded upon an erroneous principle, or adopted an improper mode of estimating the value of the land, or unless fraud appears, or unless a perfectly clear and unquestioned preponderance of the evidence shows that the commissioner committed gross error.
This contention has been repeatedly made in these cases, and this court has passed upon it in a great many cases. It is not necessary to again give the reasons for our former rulings. It is sufficient to say that the contention is not tenable.
Judgment will be awarded the plaintiff for the sum with interest for which he sues. It is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice^ concur.
Graham, Judge, took no part in the decision of this case.